# IN THE COURT OF APPEALS OF IOWA

No. 15-1287
Filed September 14, 2016

**DWUANE PARKER, ADMINISTRATOR ON BEHALF OF THE ESTATE OF CLYDE D. PARKER JR.; DWUANE PARKER, ADMINISTRATOR ON BEHALF OF MAILEY PARKER, A MINOR,**
        Plaintiff-Appellant,

**vs.**

**TIMOTHY JOSEPH SHATEK and GAYLE JUDITH SHATEK,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

        An estate appeals from judgment entry following a jury verdict finding motorist defendant not at fault in fatal accident.  **AFFIRMED.**

        John R. Walker Jr. of Beecher, Field, Walker, Mooris, Hoffman & Johnson, P.C., Waterloo, for appellants.

        James W. Bryan of Plaisance & Associates, West Des Moines, for appellee.

        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

The case involves a fatal vehicle-pedestrian accident. Gayle Shatek was driving her daughter home from basketball practice and was speaking on her mobile phone with her husband, Timothy, when she struck Clyde Parker Jr., who was walking, with traffic, on the side of the street. Parker received immediate medical attention, but he died as a result of the injuries sustained in the accident. Parker's daughter and Parker's estate (hereinafter, collectively "the estate") filed this suit against the Shateks. The case was tried to a jury. The jury found the Shateks not at fault, and the district court entered judgment accordingly. The estate timely filed this appeal.

The estate first challenges an evidentiary ruling. We review the district court's evidentiary rulings for an abuse of discretion. *See Giza v. BNSF Ry. Co.*, 843 N.W.2d 713, 718 (Iowa 2014). "An abuse of discretion exists when the court exercised [its] discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Mohammed v. Otoadese*, 738 N.W.2d 628, 631-32 (Iowa 2007).

The estate argues the district court abused its discretion by allowing into evidence Parker's criminal-history information because the evidence was not relevant. The general rule is that relevant evidence is admissible and irrelevant evidence is inadmissible. *See* Iowa R. Evid. 5.402. "Relevance is contextual; it is determined by the issues raised and other evidence introduced analyzed within the framework of the applicable law." *Gibson v. Buckley*, No. 14-1108, 2015 WL 2394116, at *3 (Iowa Ct. App. May 20, 2015). In this case, the estate's expert witness testified regarding economic damages, including the loss of

accumulation to the estate. On cross examination, the expert acknowledged criminal history could affect employability, future earnings, and accumulation to the estate. We thus conclude Parker's criminal-history information was relevant and admissible. *See Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 655 (Iowa 1969) (stating jury may consider the following relevant to loss of earning capacity: "[his] general ability, other occupations []he was qualified to fulfill, [his] industriousness, disposition to earn, intelligence, manner of living, sobriety or intemperance, frugality or lavishness, other personal characteristics that are of assistance in securing business or earning money, [his] age and life expectancy"); *see also Wackenhut Corp. v. Fortune*, 87 So.3d 1083, 1095 (Miss. Ct. App. 2012) (holding it was in discretion of district court to admit criminal-history information as relevant to earning capacity); *Lowe v. State*, 599 N.Y.S.2d 639, 642 (N.Y. App. Div. 1993) ("These calculations were seriously flawed, however, in that they did not include significant adjustments for claimant's criminal history . . . his dismal work record or the possibility that he would have been reincarcerated had he not been injured. In light of claimant's criminal history, it is simply unreasonable to treat the recidivism factor as negligible, as claimant's expert did.").

To the extent the evidence was relevant, the estate argues, the probative value of the evidence was outweighed by risk of unfair prejudice. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Iowa R. Evid. 5.403. We use a two-part test to determine

whether evidence should be excluded under rule 5.403. *See State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013). "First, we consider the probative value of the evidence. Second, we balance the probative value against the danger of its prejudicial or wrongful effect upon the triers of fact." *Id.* (internal citations omitted). As indicated above, Parker's criminal history was probative of his future earning capacity and value of his estate. The probative value of the evidence was not substantially outweighed by the potential for unfair prejudice. The parties stipulated to the manner in which the criminal-history information was presented to the jury. Notably, there was no information regarding the conduct underlying each offense. The criminal-history information was discussed only briefly at trial and only in conjunction with economic loss to the estate. *See, e.g.*, *State v. Caples*, 857 N.W.2d 641, 647–48 (Iowa Ct. App. 2014) (holding no unfair prejudice where discussion of evidence was limited). The estate contends it was error for the district court to not also provide a limiting instruction. The estate did not request one, and the issue is not preserved.

For the foregoing reasons, we conclude the district court did not abuse its discretion in allowing the jury to consider Parker's criminal-history information.

The estate also challenges the jury instructions. "[W]e review challenges to jury instructions for correction of errors at law." *Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). The estate argues that the admission of jury instruction number seventeen was misleading and confusing in light of the other instructions. Instruction number seventeen provided:

> Although a pedestrian has the lawful right to travel upon the streets
> at a point of his own choosing, the primary use for which a street is
> designed, other than a crosswalk, is for vehicular traffic, and use by

> pedestrians is secondary thereto. Therefore, a pedestrian, meaning Clyde Parker, Jr., in this case, must consider such fact in the exercise of the care of a careful and prudent person when traveling upon the street. In considering whether Clyde Parker, Jr., exercised reasonable care as defined in these instructions, you may consider that the use of the streets is primarily intended for vehicular traffic.

This instruction is substantially similar to the instruction this court approved in *Johnson v. Hadenfelt*, No. 01-0244, 2001 WL 1659347, at *2 (Iowa Ct. App. Dec. 28, 2001). The estate has not made any compelling argument distinguishing that case from this one, and we find none. The instruction approved in that case and used in this case was not misleading or confusing. *See id.* Further, we believe it is a correct statement of the law. *See id.*; *see also Engman v. City of Des Moines*, 125 N.W.2d 235, 238 (Iowa 1963) (stating "[s]treets are intended primarily for vehicular traffic and sidewalks for pedestrians"); *see generally* Iowa Code § 321.326 ("Pedestrians shall at all times when walking on or along a highway, walk on the left side of such highway."); Iowa Code § 321.328(1)-(2) ("1. Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway except that cities may restrict such a crossing by ordinance. 2. Any pedestrian crossing a roadway at a point where a pedestrian tunnel or overhead pedestrian crossing has been provided shall yield the right-of-way to all vehicles upon the roadway."); Iowa Code § 321.329(1) ("Notwithstanding the provisions of section 321.328 every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise due care upon observing any child or any confused or incapacitated person upon a

roadway."). We thus conclude the district court did not err in giving the challenged instruction.

The judgment of the district court is affirmed.

**AFFIRMED.**